[No. A037782. First Dist., Div. Five. Feb. 11, 1988.]

RICHARD H., Plaintiff and Appellant, v.
LARRY D. et al., Defendants and Respondents.

**COUNSEL**

Philip Borowsky and Cartwright, Slobodin, Bokelman, Borowsky, Wartnick, Moore & Harris for Plaintiff and Appellant.

Susan M. Schmidt, Robert D. Huber, Hassard, Bonnington, Rogers & Huber, John L. Supple, William E. Grayson and La Follette, Johnson, DeHaas & Fesler for Defendants and Respondents.

**OPINION**

HANING, J.—Plaintiff/appellant Richard H. appeals a judgment sustaining a demurrer without leave to amend in favor of defendants/respondents Larry D., M.D. (Dr. D.), and St. Helena Hospital and Health Center (St. Helena) on appellant's complaint for fraud, professional negligence, and negligent infliction of emotional distress.

The gist of appellant's complaint is that Dr. D., a licensed psychiatrist in the employ of St. Helena had surreptitious sexual relations with appellant's wife while the couple were his patients for purposes, inter alia, of receiving marital counseling. Appellant alleges that his discovery of this fact caused him severe emotional distress.

Appellant also alleges that Dr. D. represented to him and his wife that he was a qualified psychiatrist "who would act for the best interests of his patients in the scope of marital counseling and other psychiatric treatment," and that "at the time he made such representations, [Dr. D.] had the intent of using his position to promote sexual relations with [appellant's wife]."

 The primary issue is whether, as the trial court ruled, appellant's claims are barred by Civil Code section 43.5, which states, in relevant part: "No cause of action arises for: [¶] (a) Alienation of affection. [¶] (b) Criminal conversation. [¶] (c) Seduction of a person over the age of legal consent."[1]

 Well settled rules govern our review of a judgment sustaining a demurrer. "The allegations of the complaint must be regarded as true. It must be assumed that plaintiff can prove all of the facts as alleged. The court must in every stage of an action disregard any defect in the pleadings that does not affect the substantial rights of the parties [citation]. Pleadings must be reasonably interpreted; they must be read as a whole and each part must be given the meaning that it derives from the context wherein it appears. All that is necessary as against a general demurrer is to plead facts showing that the plaintiff may be entitled to some relief [citation]. In passing upon the sufficiency of a pleading, its allegations must be liberally construed with a view to substantial justice between the parties [citation]." (*Dale* v. *City of Mountain View* (1976) 55 Cal.App.3d 101, 105 [127 Cal.Rptr. 520].)

---

[1] Unless otherwise indicated, all further statutory references are to the Civil Code.

■ Section 43.5 was enacted to eliminate a class of lawsuits which were often fruitful sources of fraud and extortion and easy methods "to embarrass, harass, and besmirch the reputation of one wholly innocent of wrongdoing." (*Ikuta* v. *Ikuta* (1950) 97 Cal.App.2d 787, 789 [218 P.2d 854]; see also *Boyd* v. *Boyd* (1964) 228 Cal.App.2d 374, 377 [39 Cal.Rptr. 400].) A review of the decisional law, however, reveals that section 43.5 does not create a blanket immunization from liability for conduct which, although technically within the constraints of section 43.5, breaches a duty of care independent of the causes of action barred therein.

For instance, a physician who engages in sexual relations with a patient may be liable for professional negligence if his conduct constitutes a "breach of the duty of care owed to the patient by the physician *within* the scope of the patient-physician relationship." (*Atienza* v. *Taub* (1987) 194 Cal.App.3d 388, 392 [239 Cal.Rptr. 454].) In other words, if the physician induces the patient to participate in sexual conduct under the guise that it is necessary for the patient's treatment or therapy, such conduct is actionable despite section 43.5. (*Id.*, at pp. 392-393, and citations therein.) Likewise, persons who engage in sexual relations misrepresenting that they are either disease-free, or sterile, are not protected from liability for deceit by section 43.5 if their conduct injures the plaintiff, although such conduct might otherwise be protected by the statute. (See, e.g., *Kathleen K.* v. *Robert B.* (1984) 150 Cal.App.3d 992, 997 [198 Cal.Rptr. 273, 40 A.L.R.4th 1083]; *Barbara A.* v. *John G.* (1983) 145 Cal.App.3d 369, 376-377 [193 Cal.Rptr. 422].) In short, section 43.5 does not bar actions based on fraud. (See *Langley* v. *Schumacker* (1956) 46 Cal.2d 601, 603 [297 P.2d 977].)

In the instant case, the gravamen of appellant's complaint is that Dr. D.'s conduct as a physician breached the standard of care owed to appellant as a patient receiving marital counseling. ■ "'In performing professional services for a patient, a physician . . . has the duty to have that degree of learning and skill ordinarily possessed by reputable physicians . . . practicing in the same or a similar locality and under similar circumstances. [¶] It is his further duty to use the care and skill ordinarily exercised in like cases by reputable members of his profession practicing in the same or a similar locality under similar circumstances, and to use reasonable diligence and his best judgment in the exercise of his skill and the application of his learning, in an effort to accomplish the purpose for which he is employed.'" (*Kite* v. *Campbell* (1983) 142 Cal.App.3d 793, 803 [191 Cal.Rptr. 363], citing BAJI No. 6.00.) Breach of that duty gives rise to an action for professional negligence. (*Ibid.*)

■ As a psychiatrist rendering marriage counseling, Dr. D. owed appellant a special duty "to use due care for the patient's health in the conduct of the therapist-patient relationship." (*Waters* v. *Bourhis* (1985) 40 Cal.3d 424, 434 [220 Cal.Rptr. 666, 709 P.2d 469].) ■ The primary consideration in establishing a defendant's duty to the plaintiff is whether the defendant's conduct poses a foreseeable risk of harm to the plaintiff. (*Weirum* v. *RKO General, Inc.* (1975) 15 Cal.3d 40, 46 [123 Cal.Rptr. 468, 539 P.2d 36]; *Dillon* v. *Legg* (1968) 68 Cal.2d 728, 739 [69 Cal.Rptr. 72, 441 P.2d 912, 29 A.L.R.3d 1316].) ■ It is readily foreseeable that a patient seeing a psychiatrist for purposes of stabilizing and improving his or her marriage would feel betrayed and suffer emotional distress upon learning that the psychiatrist has, during the course of the patient's treatment, been engaging in sexual relations with the patient's spouse. Such conduct by the treating psychiatrist cannot reasonably be characterized as aiding, promoting or improving the marriage. To the contrary, it can only be construed as conduct which undermines the treatment, sows division between the spouses and jeopardizes the marriage.

In recognition of changing social mores and standards of sexual morality, the Legislature enacted section 43.5 to shield innocent persons from the burden of defending fraudulent or meritless litigation. We do not think the statute was intended to lower the standard of care which psychiatrists owe their patients, nor to permit them to avoid liability for breach of their professional and fiduciary responsibilities, or commit fraud.[2]

■ Appellant's causes of action for professional negligence alleged an agency relationship between Dr. D. and St. Helena. He alleged that Dr. D. was acting within the course and scope of his authority as head of St. Helena's psychiatric department, and providing services on behalf of himself and St. Helena. Consequently, this cause of action is also good against the hospital. (See *Molien* v. *Kaiser Foundation Hospitals* (1980) 27 Cal.3d 916, 919 [167 Cal.Rptr. 831, 616 P.2d 813, 16 A.L.R.4th 518]; *Quintal* v. *Laurel Grove Hospital* (1964) 62 Cal.2d 154, 166 [41 Cal.Rptr. 577, 397 P.2d 161].)

The judgment is reversed and remanded with instructions to vacate the order granting the demurrer, and to enter a new order overruling it as to Dr. D. on all causes of action, as to St. Helena on the third cause of action,

---

[2] Although it is legally irrelevant to the resolution of the issue in this case, we note that the Legislature has provided that an act of sexual relations between the psychiatrist and his or her patient is cause for disciplinary action. (Bus. & Prof. Code, § 726.)

and granting appellant leave to amend against St. Helena on the first and second causes of action should he choose to do so.

Low, P. J., and King, J., concurred.