FIRST DIVISION
 March 24, 1997

No. 1-94-1563

SARAH C. MUELLER, a Minor, by Kathleen E.
Math, Her Mother,

 Plaintiff-Appellant,

 v.

COMMUNITY CONSOLIDATED SCHOOL DISTRICT 54
and ANTHONY D. ROBINSON,

 Defendant's-Appellees.)
)
)
)
)
)
)
)
)
)
)Appeal from the
Circuit Court of
Cook County.

Honorable
Patrick E. McGann,
Judge Presiding. 

JUSTICE O'BRIEN delivered the opinion of the court:

 Plaintiff appeals the order of the trial court dismissing her
first amended complaint with prejudice. 
 Plaintiff, Sarah Mueller, was a student at Margaret Mead
Junior High School of Community Consolidated School District 54
(the School District or defendant) in the Village of Elk Grove,
Illinois. The school maintained a wrestling team, sponsored by and
through the school with the approval of the School District. 
Plaintiff was a manager of the wrestling team. Defendant, Anthony
D. Robinson (Robinson), was the wrestling coach.
 Following afternoon wrestling practices, Robinson customarily
drove various wrestling team members and managers home. On
February 28, 1992, plaintiff attended wrestling practice. After 
practice, Robinson offered to drive Mueller to Robinson's residence
so they could work on a personnel roster. While at his home,
Robinson sexually assaulted Mueller.
 Mueller, by and through her mother, Kathleen E. Math, filed a
four-count complaint against both Robinson and the School District. 
On November 30, 1993, Mueller filed a four-count first amended
complaint. The School District filed a three-part motion to
dismiss. The trial court granted the School District's motion with
prejudice. Plaintiff filed a motion to reconsider or, in the
alternative, to permit her to file a second amended complaint. The
trial court denied plaintiff's motion. This appeal followed. We
review the matter de novo.
 As a preliminary matter, we note that although the School
District's motion to dismiss was divided into three sections, it
failed to specify whether portions of the motion were brought
pursuant to section 2-615 or 2-619 of the Code of Civil Procedure
as required by section 2-619.1 of the Code of Civil Procedure (735
ILCS 5/2-615, 2-619, and 2-619.1 (West 1994)) nor did the court
draw a distinction as to whether it was dismissing plaintiff's
complaint pursuant to section 2-615 or 2-619. Under these
circumstances, we must review the ruling on defendant's
nondesignated motion according to its grounds, its requests, or its
treatment by the parties and the trial court. Illinois Graphics
Co. v. Nickum, 159 Ill. 2d 469, 484, 639 N.E.2d 1282, 1289 (1994). 
Motions properly brought under section 2-615 should be ruled upon
before a court entertains motions properly brought under section 2-
619. Talbert v. Home Savings of America, F.A., 265 Ill. App. 3d
376, 379, 638 N.E.2d 354, 357 (1994).
 I
 Section I of defendant's motion contends the complaint should
be dismissed on grounds plaintiff improperly commingled and
duplicated allegations and claims. Because defendant's argument
attacks the legal sufficiency of the complaint, we review section
I of defendant's motion under section 2-615. A section 2-615
motion should be granted only in those cases where the complaint
fails to allege sufficient facts which, if proved, would entitle
the plaintiff to relief. Urbaitis v. Commonwealth Edison, 143 Ill.
2d 458, 475, 575 N.E.2d 548, 555 (1991).
 In support of its argument that plaintiff "improperly
commingled and duplicated allegations and claims," defendant cites
sections 2-603(a) and (b), 2-613(a), and 2-610(a) of the Code of
Civil Procedure. 735 ILCS 5/2-603(a), (b), 2-613(a), 2-610(a)
(West 1994). Sections 2-603(a) and (b) (735 ILCS 5/2-
603(a),(b)(West 1994)) require that a complaint contain a "plain
and concise statement of the pleader's cause of action" and that
"[e]ach separate cause of action *** be stated in a separate
count." Section 2-613(a) permits a party to "plead as many causes
of action *** as they may have". (735 ILCS 5/2-613(a)(West 1994)) 
We find nothing in the above-cited rules to prohibit plaintiff from
"restating the same claimed acts and omissions" in each count if
such acts or omissions give rise to liability under multiple
theories of recovery. Indeed, section 2-613(b) of the Code of
Civil Procedure implicitly acknowledges the possibility of such an
occurrence by permitting a party to state alternative causes of
action, regardless of their consistency. 
 Here, plaintiff's complaint alleges that the same operative
facts give rise to defendant's liability under four distinct
theories of tort. Count I of plaintiff's complaint alleges that
section 34-18.5 of the Illinois School Code (105 ILCS 5/1-1 et seq.
(West 1994)) imposed a duty upon defendant to conduct a background
check on Robinson, that it violated that statute, and as a result
plaintiff was injured. Count II alleges that, apart from its
statutory duty, the defendant owed plaintiff the duty of reasonable
care and caution in the hiring and investigation of Robinson, that
it violated that duty, and that plaintiff was injured. Count III
alleges that, in addition to its statutory duty to investigate
before hiring, the defendant owed plaintiff the duty of reasonable
care and caution in the supervision of Robinson after hiring, that
it violated that duty, and that plaintiff was injured. Finally,
count IV alleges that, in addition to its statutory duty to
investigate before hiring, the defendant owed plaintiff the
nondelegable duty to refrain from causing injury to plaintiff.
 Because plaintiff's complaint plainly and clearly attempts to
allege four different causes of action, namely, negligence per se
(count I), negligent hiring (count II), negligent supervision
(count III), and breach of a nondelegable duty (count IV), we find
plaintiff has fulfilled the requirements of sections 2-603(a) and
(b) and 2-613(a) of the Code of Civil Procedure and defendant's
claim is without merit.
 Section 2-610(a) of the Code of Civil Procedure (735 ILCS 5/2-
610(a)(West 1994)) applies only to "answer[s] and subsequent
pleading[s]", not to complaints. Accordingly, defendant's
contention section 2-610(a) supports its argument that plaintiff's
complaint improperly commingled and duplicated allegations and
claims is not well taken.
 II
 We next address section III of defendant's motion, which
asserts the complaint should be dismissed on grounds the plaintiff
failed to state a cause of action for negligent hiring (count II)
or based upon a "non-delegable duty" theory of liability (count
IV). Because these arguments also attack the legal sufficiency of
the complaint, we likewise review them under section 2-615. We
also consider here defendant's additional argument on appeal that
count III of plaintiff's complaint was likewise subject to
dismissal on grounds it failed to state a cause of action for
negligent supervision. Murphy v. Lindahl, 24 Ill. App. 2d 461,
468, 165 N.E.2d 340, 343 (1960); (where the decision of the lower
court is correct, the reasons acted upon by it are immaterial). 
 A
 A cause of action for negligent hiring exists against an
employer only if it is alleged and established that (1) the
employer knew or should have known that the employee in question
had a particular unfitness for the position so as to create a
danger of harm to third persons, (2) that such particular unfitness
was known or should have been known at the time of hiring, and (3)
that this particular unfitness proximately caused the claimed
injury. Fallon v. Indian Trail School, Addison Township School
District, No. 4, 148 Ill. App. 3d 931, 935, 500 N.E.2d 101, 103-04
(1986). 
 Defendant contends count II of plaintiff's complaint was
deficient because it failed to allege that the School District knew
or should have known of Robinson's particular unfitness for his job
as a wrestling coach, or that such unfitness rendered the precise
injury suffered by plaintiff reasonably foreseeable. We disagree.
 Count II of plaintiff's complaint alleges that because the
defendant was required by law and otherwise had a duty to exercise
reasonable care and caution in the hiring and investigation of
Robinson, it should have known at the time of hiring that he had a
criminal background exhibiting moral turpitude which made him unfit
for a position dealing with minors, and that plaintiff was injured. 
We agree with plaintiff that this alleges sufficient facts to
satisfy the first and second elements of a negligent hiring cause
of action. Contrary to defendant's assertion, plaintiff need not
allege that Robinson had a "particular unfitness" for employment as
a wrestling coach under these facts. His coaching abilities are
not in question here. His fitness for a position that allowed him
unsupervised contact with minors is in question here, and it is the
perils and hazards likely to be encountered in that context against
which the defendant had a duty to protect. Malorney v. B&L Motor
Freight, Inc., 146 Ill. App. 3d 265, 268, 496 N.E.2d 1086, 1088
(1986); Easley v. Apollo Detective Agency, 69 Ill. App. 3d 920,
932, 387 N.E.2d 1241, 1248 (1979).
 We note, however, that further review of plaintiff's complaint
reveals that count II fails to allege that the School District's
failure to exercise reasonable care and caution in the hiring and
investigation of Robinson was a proximate cause of plaintiff's
injury. Accordingly, count II was subject to dismissal without
prejudice under section 2-615 so as to allow plaintiff the
opportunity to replead and incorporate the causation element.
 B
 On appeal, the School District similarly contends count III of
plaintiff's complaint was deficient because it gave no factual
basis to support its allegation of negligent supervision other than
the same failure to conduct the criminal background investigation. 
We disagree. 
 A cause of action for negligent supervision exists against the
School District if it is alleged and established that the School
District had a duty to supervise its employees, that the School
District negligently supervised Robinson, and that such negligence
proximately caused plaintiff's injuries. See generally State Farm
Fire & Casualty Co. v. Mann, 172 Ill. App. 3d 86, 92, 526 N.E.2d
389, 393 (1988) (plaintiff alleged parent negligent in supervision
of child); Niven v. Siqueira, 109 Ill. 2d 357, 361, 487 N.E.2d 937,
939 (1985) (plaintiff alleged hospital negligent in supervision of
physician); Normoyle-Berg & Associates, Inc. v. Village of Deer
Creek, 39 Ill. App. 3d 744, 744-45, 350 N.E.2d 559, 559-60 (1976)
(plaintiff alleged engineer negligent in supervision of
construction project). See also Quality Education for All
Children, Inc. v. School Board of School District No. 205, 385 F.
Supp. 803 (N.D. Ill. 1974) (holding that under Illinois law the
school board is vested with power to supervise teachers); 105 ILCS
5/10-20.7, 10-20.8, 10-21.1, and 10-22.4 (West 1994). 
 Count III of plaintiff's complaint alleges that the School
District owed her a duty to exercise reasonable care and caution in
the supervision of its employee, Robinson, that the School District
negligently or carelessly failed to supervise its employee in that
it failed to conduct a criminal background check on him even after
he was hired, allowed him to remain as an employee when the
criminal background check would have disclosed his moral turpitude
making him unfit for employment, and failed to employ any
procedures to determine whether or not he was competent and fit for
his job, and that plaintiff was injured by Robinson. Contrary to
the School District's assertion, we find that this does not merely
restate the same failure to conduct the criminal background
investigation alleged in count II of plaintiff's complaint. Count
II of plaintiff's complaint alleges the School District failed to
conduct the requisite prehire investigation whereas the instant
count alleges the School District failed to conduct any post-hire
investigation or procedures to determine whether Robinson was
competent and fit for his job. Thus, count III of plaintiff's
complaint was not subject to dismissal under section 2-615 for
failure to allege sufficient facts to support her claim that the
School District breached its duty to supervise Robinson. 
 The foregoing notwithstanding, we find that further review of
plaintiff's complaint reveals that count III, like count II, failed
to allege that the School District's failure to properly supervise
Robinson was a proximate cause of plaintiff's injury. Accordingly,
count III was likewise subject to dismissal without prejudice under
section 2-615 so as to allow plaintiff the opportunity to replead
and incorporate the causation element.
 C
 With regard to count IV of plaintiff's first amended
complaint, plaintiff alleges that the School District provided her
with transportation to and from school via bus, that as a result of
the wrestling team's after-school activities she was unable to take
the bus, and therefore Robinson was "a substitute driver." The
complaint further alleges that, owing to Robinson's status as a
"substitute driver," the school district had a nondelegable duty
"to refrain from causing injury" to her. Plaintiff therefore
concludes that, because she was injured, she is entitled to relief
from the School District. In support of her argument, plaintiff
relies primarily upon the fourth district case of Eversole v.
Wasson, 80 Ill. App. 3d 94, 398 N.E.2d 1246 (1980).
 Plaintiff's reliance is misplaced. In Eversole, the court
held that a special relationship between the parties required the
defendant school district to protect the injured plaintiff. 80
Ill. App. 3d at 96-97, 398 N.E.2d at 1248. Here, the plaintiff did
not allege the School District breached a duty "to protect" but
rather pled the School District breached a duty "to refrain from
causing injury." 
 Furthermore, even assuming without deciding that count IV
alleges sufficient facts to establish that the School District owed
plaintiff a nondelegable duty of care (either because the school
district, through its employee Robinson, was acting as a common
carrier or because of a "special relationship" between the
parties), plaintiff would not be entitled to relief. Like a
corporation, the defendant School District is an artificial person
or legal entity created by or under the authority of the laws of
this state and cannot act save through its agents. Accordingly,
the School District may be held to have "assaulted, abused, and
caused intentional harm" to plaintiff as alleged in count IV of
plaintiff's complaint only if such acts by the School District's
agent, Robinson, were authorized or ratified. 
 Count IV of plaintiff's complaint alleges that Robinson had
permission to offer to drive plaintiff from school to her home; it
does not allege that Robinson had permission or authority to
sexually assault plaintiff. Thus, even if proved, the factual
allegations contained in count IV of plaintiff's complaint would
not entitle her to relief.
 Because the facts pled would not entitle plaintiff to relief,
count IV of plaintiff's complaint was subject to dismissal under
section 2-615 of the Code of Civil Procedure. Urbaitis, 143 Ill.
2d at 475, 575 N.E.2d at 555. To hold otherwise would be to allow
plaintiff to circumvent the general rule that an employer may not
be held vicariously liable for an employee's willful and wanton,
intentional, or criminal act if it occurred outside the scope of
employment or was solely in furtherance of the employee's own
interests (see Deloney v. Board of Education, 281 Ill. App. 3d 775,
666 N.E.2d 792 (1996); Giraldi v. Lamson, 205 Ill. App. 3d 1025,
1030, 563 N.E.2d 956 (1990); Randi F. v. High Ridge YMCA, 170 Ill.
App. 3d 962, 524 N.E.2d 966 (1988)) by pleading direct and primary
liability rather than vicarious liability. Furthermore, it would
conflict with established law in Illinois, which holds that
although a common carrier has a nondelegable duty of care towards
it passengers (Gordon v. Chicago Transit Authority, 128 Ill. App.
3d 493, 470 N.E.2d 1163 (1984); Giraldi by Giraldi v. Community
Consolidated School District No. 62, 279 Ill. App. 3d 679, 692, 665
N.E.2d 332, 340 (1996)) such duty is to retain direct and primary
responsibility for operating the bus with the highest degree of
care (Garrett v. Grant School District No. 124, 139 Ill. App. 3d
569, 487 N.E.2d 699 (1985)), and does not extend to situations
where, as here, it is not the operation of the bus per se that
resulted in injury. 
 III
 Having reviewed the sections of defendant's motion to dismiss
properly brought under section 2-615, we next address section II of
defendant's motion to dismiss. Section II of defendant's motion
argues that plaintiff's complaint should be dismissed on grounds
the School District has tort immunity under sections 2-103, 2-104,
2-109 and 2-201 of the Local Govermental and Govermental Employees
Tort Immunity Act (Tort Immunity Act). 745 ILCS 10/2-103, 2-104,
2-109, 2-201 (West 1994). Because it gives color to plaintiff's
complaint while claiming statutory immunity from liability, we
review the motion under section 2-619(a)(9). Midwest Bank & Trust
Co. v. Village of Lakewood, 113 Ill. App. 3d 962, 972, 447 N.E.2d
1358, 1364 (1983). Under the facts of this case, we must determine
de novo whether section II of defendant's motion to dismiss
established a valid affirmative defense to plaintiff's complaint or
whether plaintiff's response to defendant's motion to dismiss
established that the asserted defense is unfounded. See 4 R.
Michael, Illinois Practice 41.8 at 334-36 (1989).
 Section 2-103 gives governmental entitites immunity from
liability for injury resulting from failure to enforce any law. 
This case is not concerned with enforcement of a law, but, rather,
the violation of a state statute. The plaintiff is not suing the
state for failing to make sure the School District abided by its
statute (enforcement); the plaintiff is suing School District 54
because it violated a state statute intended to protect persons
such as herself from the type of injury she received (compliance). 
See Filipetto v. Village of Wilmette, 254 Ill. App. 3d 461, 470,
627 N.E.2d 60, 66 (1993).
 Section 2-104 gives governmental entitites immunity from
liability for injury resulting from "the issuance, denial,
suspension or revocation of, or by the failure or refusal to issue,
deny, suspend or revoke, any permit, license, certificate,
approval, order or similar authorization." 745 ILCS 5/2-104 (West
1994). Because no permit, license, certificate, approval, order or
similar authorization is alleged to have caused injury in this
case, section 2-104 does not provide the School District with tort
immunity.
 Section 2-109 gives governmental entities immunity from
liability for injury resulting from an act or omission of an
employee where the employee is not liable. Neither party has
argued that Robinson is not liable for sexual assault.
 Finally, section 2-201 gives governmental entitities immunity
from liability for injuries resulting from exercise of
discretionary authority. Here the School District's discretion is
fettered by the criminal-background-check statute. The statute
provides that the School District "shall not knowingly employ a
person for whom a criminal background investigation has not been
initiated." 105 ILCS 5/34-18.5(d) (West 1994). Given the
statute's mandatory language, we find that it requires the School
District to at least commence an investigation of employment
applicants before it is vested with the discretionary authority to
hire. We therefore conclude that the School District's failure to
comply with the statutorily imposed condition precedent vitiates
any immunity it might otherwise have enjoyed under section 2-201 of
the Tort Immunity Act for hiring Robinson. 
 Because defendant's motion to dismiss failed to establish a
valid affirmative defense to plaintiff's complaint and because
plaintiff's response to defendant's motion to dismiss established
that the asserted defenses were unfounded, we conclude that if the
trial court's decision to dismiss plaintiff's complaint was
grounded upon an application of section 2-103, 2-104, 2-109, or 2-
201 of the Tort Immunity Act, that decision was in error. 
 IV
 On appeal defendant further contends that plaintiff's brief
articulates a negligence per se theory of recovery for count I of
her complaint that was not raised before the trial court and it
should therefore be deemed waived. We disagree. 
 A complaint is sufficient if it pleads facts that bring the
claim within a legally recognized cause of action. People ex rel.
Fahner v. Carriage Way West, Inc., 88 Ill. 2d 300, 308, 430 N.E.2d
1005, 1009 (1981). Count I alleges that the School District had a
statutory duty to conduct a backround check on Robinson, that it
violated that statute (i.e., breached that duty), and as a result
plaintiff was injured. These are the elements of a negligence per
se claim which, if proved by plaintiff and not justified by
defendant, would entitle plaintiff to relief. See Ney v. Yellow
Cab Co., 2 Ill. 2d 74, 117 N.E.2d 74 (1954). Thus, while the
phrase "negligence per se" does not appear in count I, it contains
sufficient facts to support the claim. Accordingly, we find that
plaintiff's negligence per se argument has not been waived. 
 Alternatively, defendant's brief on appeal argues that if
plaintiff did not waive her negligence per se theory of recovery,
count I of her complaint fails to show that it applies in the
instant case. In support of this argument defendant cites Arizzi
v. City of Chicago, 201 Ill. App. 3d 368, 559 N.E.2d 68 (1990).
 The Arizzi case holds that laws designed to protect the public
at large impose no corresponding duty to protect individual members
of the public absent a special relationship. 201 Ill. App. 3d at
371, 559 N.E.2d at 70. Defendant thus spends much time and energy
trying to convince this court there was no special relationship
between itself and plaintiff. In so doing, defendant argues
plaintiff must show (1) that the municipality was uniquely aware of
a particular danger or risk to her in particular; (2) that there
are allegations of specific acts or omissions by the municipality
in question; (3) that the alleged acts of the municipality were
affirmative and willful in nature; and, (4) that the plaintiff in
question was under the direct and immediate control of the
municipality at the time that the injury was incurred. 
 We find the case at bar is distinguishable from Arizzi in that
the statute at issue here is not intended to protect the "public at
large," but, rather, is one intended to protect a specific class of
individuals, namely, schoolchildren. Moreover, the entire Arizzi
line of cases cited by defendant (Stigler v. City of Chiago, 48
Ill. 2d 20, 268 N.E.2d 26 (1971); Ferentchak v. Village of
Frankfort, 105 Ill. 2d 474, 475 N.E.2d 822 (1985); Lakeside
Condominium "C" Association v. Frediani Developers, Inc., 135 Ill.
App. 3d 972, 482 N.E.2d 665 (1985); Gordon v. County of Jackson,
231 Ill. App. 3d 1017, 597 N.E.2d 170 (1992); Swaw v. Ortell, 137
Ill. App. 3d 60, 484 N.E.2d 780 (1985)) is concerned with the
enforcement of laws as opposed to compliance therewith. Here the
plaintiff is not suing the state for failing to make sure the
School District abided by its statute (enforcement), but is suing
the School District because it violated a state statute intended to
protect persons such as herself from the type of injury she
received (compliance). 
 We conclude, therefore, that where the general rule enunciated
by Arizzi does not apply, neither do the requirements of its
special relationship exception. Accordingly, plaintiff need not
show that the School District had knowledge of a particular danger
to plaintiff, that the alleged acts were willful in nature, or that
plaintiff was under the direct and immediate control of the School
District at the time of her injury in order to maintain her
negligence per se cause of action.
Summary
 For the foregoing reasons, we find (1) that count I adequately
alleges the elements of a negligence per se claim and should not
have been dismissed under section 2-615; (2) that count II
adequately alleges duty, breach, and injury, but fails to allege
the causation element of a negligent hiring claim and should have
been dismissed without prejudice; (3) that count III adequately
alleges duty, breach, and injury, but also fails to allege the
causation element of a negligent supervision claim and should have
been dismissed without prejudice; and, (4) that count IV alleges
facts which, even if proved, would not entitle plaintiff to relief
and therefore was properly dismissed with prejudice. We further
find that the sections of the Tort Immunity Act cited by defendant
do not support its motion to dismiss. Accordingly, we reverse and
remand the trial court's dismissal with prejudice of count I, we
modify its dismissal of counts II and III to dismissal without
prejudice, and we affirm its dismissal of count IV with prejudice.
 Reversed and remanded in part, modified in part, and affirmed
in part.
 CAHILL, J., with THEIS, J., concurring.