JUDITH STERN *et al.*, Plaintiffs-Appellants, v. RITZ CARLTON CHICAGO *et al.*, Defendants-Appellees.

First District (6th Division)   Nos. 1—97—2148, 1—97—2451 cons.

Opinion filed September 30, 1998.—Rehearing denied November 5, 1998.

R.S. Hoover & Associates, of Chicago (R. Sam Hoover and Robert E. Hoover, of counsel), for appellants.

LaBarge, Campbell & Lyon, L.L.C., of Chicago (Kevin Campbell and Deborah J. Spector, of counsel), for appellees.

JUSTICE QUINN delivered the opinion of the court:

While guests at defendant Ritz Carlton Hotel (the Ritz), plaintiffs Judith Stern (Stern) and Yvette Schlumpf (Schlumpf) allege that defendants Svetlin Tanev (Tanev) and Arnold Vodovosov (Vodovosov) sexually assaulted them during the course of each plaintiff's massage. Plaintiffs filed a three-count complaint against the Ritz and Tanev and Vodovosov, individually. The Ritz filed a motion for summary judgment, which the trial court granted. On appeal, plaintiffs contend that the trial court erred in granting summary judgment in favor of the Ritz because Tanev and Vodovosov's conduct was within the scope of their employment. For the reasons that follow, we affirm.

Plaintiff Stern alleges that on September 15, 1995, while she and her husband were guests at the Ritz, Stern made arrangements to receive a massage. A female attendant took Stern to a small room with a table and told her to disrobe and recline on the table under a sheet. After the attendant left the room, Tanev entered, made small talk with Stern, and began the massage.[1] Tanev massaged Stern's shoulders, back and legs while she laid on her abdomen. Tanev then asked Stern to turn onto her back and exposed her abdomen and legs to the groin. Tanev massaged her legs and abdomen. While rubbing her lower abdomen, he said "you like?" He then proceeded to place his fingers in her pubic hair, by the vaginal opening, and touched the side of her vagina. Stern objected and ordered Tanev out of the room.

Stern immediately informed a hotel manager of the incident. The manager told Stern that he would "look into" making an investigation. Stern discussed the incident with her husband and then notified the police. After a police investigation, Tanev was charged with battery and sexual assault. Tanev was subsequently convicted of battery and sentenced to one year of social service supervision.

Plaintiff Schlumpf alleges that on February 4, 1995, while a guest at the Ritz, she made arrangements to receive a massage. A female attendant led Schlumpf to a small room where she reclined on a table under a large towel. Vodovosov, director of the spa at the Ritz, entered the room, made small talk with Schlumpf and began the massage. He

---

[1] The Ritz hired Tanev as an independent contractor. In their arguments before the trial court, both parties assumed that Tanev was an employee. Counsel for Tanev requested that the trial court disregard the issue of whether Tanev was an employee or an independent contractor for purposes of this lawsuit.

first massaged her arms, shoulders and neck. He then asked her if she wanted her chest massaged and she answered "yes." Whereupon he exposed her breasts by folding the towel down and began to massage them. She became uncomfortable and said "no thank you" and Vodovosov partially recovered her breasts and moved on to massage other parts of her body. At Vodovosov's suggestion, she removed herself from the massage table, stood up and took off her panties. She was completely naked after taking off her panties. She then reclined on the table and Vodovosov massaged her abdomen, legs and thighs. While massaging her lower abdomen Vodovosov also massaged her pubic area and while doing so, he inserted a finger into her vagina. He entered her vagina two times, once from each side of the table. Each time she said "no thank you" and he stopped without comment and moved on to another phase of the massage.

After the massage, Schlumpf paid for it and made no complaint to hotel management at the time. Later, Schlumpf informed her husband of what happened during the course of the massage. Schlumpf's husband contacted the hotel manager and informed the manager of what happened to his wife. After talking with Schlumpf, the managers at the Ritz promised that they would conduct an investigation. The following month, Schlumpf discovered that Vodovosov was not terminated or otherwise disciplined. Two and one-half months later, Schlumpf reported the incident to the police and filed battery and sexual assault charges against Vodovosov. At Vodovosov's trial, the court granted a motion for directed verdict in his favor.

As part of their contracts, massage therapists at the Ritz were obligated to follow the code of ethics of the American Massage Therapy Association, which instructs massage therapists to refrain from the type of conduct alleged by plaintiffs. Both Vodovosov and Tanev have denied plaintiffs' allegations.

Plaintiffs filed a three-count complaint against the Ritz, Tanev and Vodovosov. In counts I and II, plaintiffs allege that Tanev and Vodovosov, acting individually and in their capacity as agents and servants of the Ritz, made harmful and offensive contact by touching plaintiffs' sexual organs without permission. In count III, plaintiffs allege that the Ritz negligently supervised the conduct and operations of the masseurs at the Ritz, negligently hired these masseurs without investigating their backgrounds and failed to provide reasonable safeguards to protect women who were receiving massages from offensive and unwelcome contact. Count III remains pending in the trial court and is not at issue in this appeal.

The Ritz filed a motion for summary judgment as to count I and count II contending that it was not liable for the conduct of Tanev or

Vodovosov because their actions fell outside the scope of their employment. The trial court granted summary judgment in favor of the Ritz and plaintiffs' appeal immediately followed.

■ Initially, we note that a reviewing court conducts a *de novo* review of the evidence in summary judgment cases. *Espinoza v. Elgin, Joliet & Eastern Ry. Co.*, 165 Ill. 2d 107, 113, 649 N.E.2d 1323 (1995). The reviewing court must construe all evidence strictly against the movant and liberally in favor of the nonmoving party. *Espinoza*, 165 Ill. 2d at 113. Where the pleadings, depositions and affidavits show that there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law. *Quirke v. City of Harvey*, 266 Ill. App. 3d 664, 668, 639 N.E.2d 1355 (1994). If reasonable persons could draw different inferences from undisputed facts, summary judgment should be denied. *Smith v. Armor Plus Co.*, 248 Ill. App. 3d 831, 839, 617 N.E.2d 1346 (1993).

■ Plaintiffs contend that both Vodovosov and Tanev were acting within the scope of their employment with the Ritz at the time plaintiffs were assaulted. Generally, summary judgment is inappropriate in scope-of-employment cases. *Pyne v. Witmer*, 129 Ill. 2d 351, 359, 543 N.E.2d 1304 (1989). "Only if no reasonable person could conclude from the evidence that an employee was acting within the course of employment should a court hold as a matter of law that the employee was not so acting." *Pyne*, 129 Ill. 2d at 359.

■ In the context of *respondeat superior* liability, an employer may be liable for the " 'negligent, wilful, malicious or even criminal acts of its employees when such acts are committed in the course of employment and in furtherance of the business of the employer.' " *Deloney v. Board of Education*, 281 Ill. App. 3d 775, 784, 666 N.E.2d 792 (1996), quoting *Webb v. Jewel Cos.*, 137 Ill. App. 3d 1004, 1006, 485 N.E.2d 409 (1985). The burden is on the plaintiff to show the contemporaneous relationship between the tortious act and scope of employment. *Pyne*, 129 Ill. 2d at 360.

■ Plaintiffs specifically argue that summary judgment is too drastic and arbitrary a measure for a scope-of-employment issue where the deviations from job duties are slight and transient. Plaintiffs urge this court to characterize the alleged intentional conduct of Tanev and Vodovosov as a detour. Illinois courts have long recognized the distinction between "detour" and "frolic." A detour occurs where the employee's deviation for personal reasons is seen as sufficiently related to the employment. *Laird v. Baxter Health Care Corp.*, 272 Ill. App. 3d 280, 288, 650 N.E.2d 215 (1995). A frolic occurs where the employee's personal business is seen as unrelated to employment. *Laird*, 272 Ill. App. 3d at 288. " 'Where an employee's deviation from

the course of employment is slight and not unusual, a court may find as a matter of law that the employee was still executing the employer's business. [Citation.] Conversely, when a deviation is exceedingly marked and unusual, as a matter of law the employee may be found to be outside the scope of employment.' " *Laird*, 272 Ill. App. 3d at 288, quoting *Pyne*, 129 Ill. 2d at 361.

Plaintiffs rely on *St. Paul Fire & Marine Insurance Co. v. Downs*, 247 Ill. App. 3d 382, 617 N.E.2d 338 (1993), to support their contention that the sexual assault was a detour committed within the scope of employment and therefore created *respondeat superior* liability for the employer. In *St. Paul*, a psychotherapist engaged in sexual intercourse with a client allegedly as part of therapy. The client filed a complaint against the psychotherapist's employer alleging, *inter alia*, that the employer was vicariously liable for the acts of the psychotherapist. The plaintiff, St. Paul, issued a professional liability insurance policy to the employer and filed a declaratory judgment action seeking a determination that no coverage existed under the professional liability policy for the sexual misconduct of the psychotherapist because it was outside the scope of employment. *St. Paul*, 247 Ill. App. 3d at 383. The trial court applied the doctrine of collateral estoppel to prohibit relitigation of the issue of whether the psychotherapist was acting within the scope of his employment at the time he allegedly engaged in sexual misconduct with the client. In an underlying action, another court had earlier determined that the employer was not liable for the psychotherapist's actions under the doctrine of *respondeat superior*. This court affirmed the grant of summary judgment, holding that collateral estoppel was properly invoked. *St. Paul*, 247 Ill. App. 3d at 390.

This court also considered St. Paul's alternative contention that summary judgment was proper even if collateral estoppel did not apply because, as a matter of law, the alleged sexual misconduct was not within the scope of employment. In so doing, this court compared the circumstances in the case to other sexual misconduct cases and found that the nature of the work performed by a psychotherapist was substantially different because of the phenomenon of "transference," which occurs when a patient transfers feelings toward everyone else to the psychotherapist, who must then ensure that any emotional involvement with the patient is avoided. *St. Paul*, 247 Ill. App. 3d at 391. If the psychotherapist mishandles the phenomenon, it may result in sexual relations with the patient. *St. Paul*, 247 Ill. App. 3d at 391. Thus, "the sexual misconduct of a therapist could be viewed as inside the scope of treatment under the guise of therapy." *St. Paul*, 247 Ill. App. 3d at 392.

We find that plaintiffs' reliance on *St. Paul* is misplaced. Plaintiffs

urge us to find that, similar to the psychotherapist in *St. Paul*, the masseurs' conduct could be considered therapy and therefore within the scope of employment. We first note that the portion of the holding in *St. Paul* dealing with the scope of treatment was not directly connected with the holding and was therefore. *dicta* and, thus, lacks the authoritative force of precedent. *Bernabei v. County of La Salle*, 258 Ill. App. 3d 799, 801, 630 N.E.2d 538 (1994). Further, we fail to see how the sexual assault of a client during a massage is similar to the sexual misconduct of a psychotherapist as a result of the phenomenon of transference.

In *Hoover v. University of Chicago Hospitals*, 51 Ill. App. 3d 263, 366 N.E.2d 925 (1977), this court affirmed the dismissal of a complaint for failing to state a cause of action where the plaintiff had alleged that a physician had sexually assaulted her. The assault took place in an examining room in the defendant hospital and the physician was employed by the defendant hospital at the time of the assault. This court held that the intentional sexual assault could not be interpreted as an act in furtherance of the hospital's business; therefore, the hospital could not be held liable under the theory of *respondeat superior*. *Hoover*, 51 Ill. App. 3d at 266.

Plaintiffs also rely on *Sunseri v. Puccia*, 97 Ill. App. 3d 488, 422 N.E.2d 925 (1981), to support their assertion that intentional acts of an outrageous nature may still be within the scope of employment if the employee acted with a dual purpose. In *Sunseri*, a bouncer at a tavern assaulted a bar patron after an argument between the two men. The trial court directed a verdict in favor of the defendants. This court reversed, holding that the jury should have been permitted to determine whether the bouncer's actions had been within the scope of his employment based upon the conflicting evidence presented and the foreseeability of the assault. *Sunseri*, 97 Ill. App. 3d at 494. The court noted that, in cases involving an assault by a bartender, liability often attaches to the employer because it is expected that a bouncer will be required to use force in doing his job, even though the force used may be unnecessary or excessive. *Sunseri*, 97 Ill. App. 3d at 493.

*Sunseri* is distinguishable from the case at bar. Here, it is not expected that a masseur will sexually assault a client during the course of a massage. Although a massage involves physical contact with the client, it cannot reasonably be said that sexual assault by masseurs at the Ritz was encompassed in their duties, was similar to those duties, or was reasonably foreseeable by the Ritz.

*Deloney v. Board of Education*, 281 Ill. App. 3d 775, 666 N.E.2d 792 (1996), provides an exhaustive review of cases involving "scope of employment" as a basis for determining whether employers are vicari-

ously liable for sexual assaults committed by their employees. In *Deloney*, a truant officer employed by a school board allegedly committed aggravated criminal sexual abuse of a 16-year-old girl. This court held that "in Illinois the cases are clear that as a matter of law acts of sexual assault are not within the scope of employment." *Deloney*, 281 Ill. App. 3d at 786 n.5. Specifically, "the allegations of sexual misconduct *** had no relation to Deloney's job as a truant officer and were committed solely for his personal benefit. As a matter of law, his alleged actions were outside the scope of employment ***." *Deloney*, 281 Ill. App. 3d at 786. This court further found that although the truant officer's "employment provided the opportunity for his misconduct, by no stretch of the imagination could his actions be deemed an extension, albeit unlawful, of his functions or responsibilities as a truant officer." *Deloney*, 281 Ill. App. 3d at 788. *Deloney* held that criminal sexual assault, by its very nature, precludes a conclusion that it was committed within the scope of employment under the doctrine of *respondeat superior*. *Deloney*, 281 Ill. App. 3d at 783-86.

As pointed out in *Deloney*, in *Webb v. Jewel Cos.*, 137 Ill. App. 3d 1004, 485 N.E.2d 409 (1985), the plaintiff filed a complaint against the defendant supermarket and its employee, a security guard, seeking damages for injuries that resulted from an alleged sexual molestation committed at the supermarket by the security guard during his search of the plaintiff. This court affirmed the trial court's dismissal of the complaint against the employer supermarket because "the sexual molestation of a young girl by a security guard is nonetheless a deviation having no relation to the business of the [supermarket] or the furtherance thereof." *Webb*, 137 Ill. App. 3d at 1008.

Similarly, in *Randi F. v. High Ridge YMCA*, 170 Ill. App. 3d 962, 524 N.E.2d 966 (1988), a teacher's aide sexually assaulted a three-year-old girl at a day care center operated by defendant. In their complaint, plaintiffs alleged, *inter alia*, that the acts against the child were committed during the course of the teacher's employment at the day care center, which included "the care, custody, control, supervision and discipline" of the minor and other children. *Randi F.*, 170 Ill. App. 3d at 963. Defendant moved to dismiss plaintiffs' complaint for failure to state a cause of action. Defendant argued that it could not be liable under the doctrine of *respondeat superior* for the acts of the teacher's aide because those acts were done outside the scope of her employment. The circuit court dismissed plaintiffs' complaint. On appeal, this court affirmed the trial court's ruling, holding that the sexual molestation by the teacher's aide was a deviation from the scope of her employment and had no relation to the business of the day care center. *Randi F.*, 170 Ill. App. 3d at 967.

■ In the instant case, plaintiffs have not explained how, in sexually assaulting Schlumpf and Stern, Tanev and Vodovosov were furthering the interests of the Ritz. We find as a matter of law that the Ritz was not liable for the actions of Tanev and Vodovosov where those actions were not within the scope of their employment. The sexual assault of plaintiffs during the course of each massage could in no way be interpreted as an act in furtherance of the business interests of the Ritz. The actions of Tanev and Vodovosov were not foreseeable and the trial court properly granted summary judgment in favor of the Ritz.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

ZWICK J., concurs.

PRESIDING JUSTICE CAMPBELL, dissenting:

I agree with the majority that summary judgment is generally inappropriate in scope of employment cases and that criminal acts of an employee may fall within the scope of employment. I disagree that this case is an exception to these rules.

The majority opinion relies on cases holding that an employer could not be vicariously liable for the sexual misconduct of an employee. *Deloney v. Board of Education*, 281 Ill. App. 3d 775, 666 N.E.2d 792 (1996) (truant officer allegedly committed aggravated criminal sexual assault); *Randi F. v. High Ridge YMCA*, 170 Ill. App. 3d 962, 524 N.E.2d 966 (1988) (day care worker beat and fondled child); *Webb v. Jewel Cos.*, 137 Ill. App. 3d 1004, 485 N.E.2d 409 (1985) (security guard searched and fondled girl customer); *Hoover v. University of Chicago Hospitals*, 51 Ill. App. 3d 263, 366 N.E.2d 925 (1977) (doctor had carnal knowledge of patient against her will). However, sexual activity is totally outside the job duties of a truant officer, day care worker or security guard. While there may be cases where a doctor will touch the genitals or breasts of a patient, *Hoover* involved alleged forced sexual intercourse based on a pretext of treatment. *Hoover*, 51 Ill. App. 3d at 264, 366 N.E.2d at 927.[2] *Webb* rejected a distinction between fondling and intercourse, but *Webb* involved a security guard, not a masseur.

---

[2] The majority opinion also dismisses plaintiffs' reliance on *St. Paul Fire & Marine Insurance Co. v. Downs*, 247 Ill. App. 3d 382, 617 N.E.2d 338 (1993), as a misplaced citation of *dicta*. The majority also states that *Deloney* contains an exhaustive review of "scope of employment" cases. However, the cases

Plaintiffs cite *Metzler v. Layton*, 373 Ill. 88, 25 N.E.2d 60 (1939), in which an office manager chased and shot a co-employee who had robbed the office. The supreme court held that Layton's private, personal motive for the chase did not exclude the interest of his employer, as "[t]he pursuit was the continuation of one transaction." *Metzler*, 373 Ill. at 92, 25 N.E.2d at 62. The *Metzler* court approvingly stated:

"In the case of *Gulf, Colorado [&] Sante Fe Railway Co. v. Cobb*, [Tex. Civ. App.,] 45 S.W.2d 323, [326,] the court said: 'The master is liable for any such act of the servant which, if isolated, would not be imputable to the master, but which is so connected with and immediately grows out of another act of the servant imputable to the master, that both acts are treated as one indivisible tort, which, for the purposes of the master's liability, takes its color and quality from the earlier act.' " *Metzler*, 373 Ill. at 92-93, 25 N.E.2d at 62.

The supreme court stated that it could not "presume to separate the acts of Layton as a servant from the acts of Layton as an individual where the entire occurrence was within such a very short space of time." *Metzler*, 373 Ill. at 93, 25 N.E.2d at 62. The court concluded that vicarious liability "was a question for the jury to decide." *Metzler*, 373 Ill. at 93, 25 N.E.2d at 62. Similarly, in this case, the improper massage is connected with and immediately grows out of the massage authorized by the hotel and raises a question of fact. A jury should be allowed to decide whether the acts are divisible.

The Ritz Carlton claims that the misconduct here was not in furtherance of its business. However, in *Pyne v. Witmer*, 129 Ill. 2d 351, 543 N.E.2d 1304 (1989), a case involving an allegedly intoxicated driver, the supreme court did not use the term "furtherance" as a touchstone of analysis; instead, it appears in the dissent. *Pyne*, 129 Ill.

cited in *Deloney* as rejecting liability in cases involving teachers and day care workers are from jurisdictions such as California and Minnesota, both of which *impose* vicarious liability on hospitals for sexual misconduct of psychiatrists and doctors. See *Richard H. v. Larry D.*, 198 Cal. App. 3d 591, 243 Cal. Rptr. 807 (1988); *Marston v. Minneapolis Clinic of Psychiatry & Neurology, Ltd.*, 329 N.W.2d 306 (Minn. 1982). See also *Inderbitzden v. Lane Hospital*, 124 Cal. App. 462, 12 P.2d 744 (1932) (implying vicarious liability for medical students). In *Doe v. Samaritan Counselling Center*, 791 P.2d 344 (Alaska 1990), the court reversed a summary judgment on a *respondeat superior* claim involving sexual conduct by a counsellor. In *Samuels v. Southern Baptist Hospital*, 594 So. 2d 571 (La. App. 4th Cir. 1992), the court held there could be vicarious liability for a sexual assault committed by a nursing assistant. Of course, not all jurisdictions agree on this point. However, the difference in opinion demonstrates that the issue is far from clear-cut.

2d at 372, 543 N.E.2d at 1314 (Ryan, J., dissenting, joined by Miller, J.) (citing *Hoover* and *Webb*). Moreover, the Ritz Carlton benefits from the provision of massage services to its guests. The provision of these services created the opportunity for the misconduct alleged here.

In addition, the defendant in this case is a hotel. Plaintiffs note that a hotel owes its guests a duty of care for their safety. There is a duty to protect others from attack by a third person where the attack was reasonably foreseeable and the parties had a special relationship such as carrier-passenger, innkeeper-guest, business inviter-invitee, or voluntary custodian-protectee. *Morgan v. 253 East Delaware Condominium Ass'n*, 231 Ill. App. 3d 208, 211, 595 N.E.2d 36, 38 (1992). In *Eversole v. Wasson*, 80 Ill. App. 3d 94, 398 N.E.2d 1246 (1980), which plaintiffs cited in opposition to summary judgment, a student sued a teacher and school district after the teacher assaulted him in school based on a grievance arising outside of school. This court reversed a judgment in bar of action against the school district, based on the *in loco parentis* relationship of the master to the victim. *Eversole*, 80 Ill. App. 3d at 96-97, 398 N.E.2d at 1247-48, *citing* W. Prosser, Torts § 70 (4th ed. 1971).

Prosser, upon which the *Eversole* court relied, wrote that vicarious liability is imposed "even for such entirely personal torts as *** rape" and applies to innkeepers. W. Prosser, Torts § 70, at 465 (4th ed. 1971). The Restatement (Second) of Agency contains a similar example: "The chambermaid at a hotel steals the clothes of a traveler stopping at the hotel. The hotel keeper is subject to liability although he reasonably believed the chambermaid to be honest." Restatement (Second) of Agency § 214, Illustration 5, at 466 (1958). Moreover, in such a case, the fact that the agent "acts for his own purposes and with no intent to benefit the principal is immaterial." Restatement (Second) of Agency § 214, Comment *e*, at 466 (1958).

In this case, the hotel's contracts with masseurs require adherence to the code of ethics of the American Massage Therapy Association, which forbids the misconduct alleged here. This requirement may be construed as evidence that the alleged misconduct was reasonably foreseeable, which may result in vicarious liability. See *Wright*, 174 Ill. 2d at 405, 675 N.E.2d at 118; *Eversole*, 80 Ill. App. 3d at 96-97, 398 N.E.2d at 1247-48; Restatement (Second) of Agency § 245 (1958) (use of force). Although the majority opinion concludes that the masseurs cannot be compared to psychiatrists, hotel masseurs *can* be compared to hotel chambermaids. Given the relationship between the hotel and the plaintiffs, and the fact that the alleged misconduct here arises from the employees' job duties, there is a genuine issue of material fact as to vicariously liability.

684

Summary judgment is a drastic measure and should only be allowed when the right of the moving party is clear and free from doubt. *Purtill v. Hess*, 111 Ill. 2d 229, 240, 489 N.E.2d 867, 871 (1986). In this case, the summary judgment is not free from doubt. Accordingly, I respectfully dissent.

