WILLIAM HARGAN, Plaintiff-Appellant, v. SOUTHWESTERN ELECTRIC
COOPERATIVE, INC., Defendant-Appellee (Allan Libbra, Defendant).

Fifth District    No. 5—99—0010

Opinion filed March 2, 2000.

Daniel F. Goggin, of Greenville, for appellant.

Larry L. LeFevre and James Richard Myers, both of LeFevre Oldfield & Myers Law Group, Ltd., of Vandalia, for appellee.

JUSTICE KUEHN delivered the opinion of the court:

Plaintiff, William Hargan, appeals from the trial court's December 4, 1998, order granting defendant Southwestern Electric Cooperative, Inc.'s motion to dismiss plaintiff's second amended complaint for alienation of affections. We affirm.

Plaintiff William Hargan (Hargan) married Susan on February 21, 1970. Susan had always been employed outside the home as a clerical worker. During the mid-1980s, Hargan and Susan had some marital difficulties but managed to work out any problems. Hargan alleged that he and Susan had a very loving and secure relationship. In the fall of 1992, Susan started a new job working as a clerical employee of defendant Southwestern Electric Cooperative, Inc. (Southwestern Electric). Defendant Allan Libbra (Libbra) is president of the board of directors of Southwestern Electric. Sometime after she began working for Southwestern Electric, Susan met Libbra. During her employ, Susan took three business trips in the company of Libbra. Hargan alleged that Libbra pursued the affection of Susan, ultimately acquiring an improper and undue influence over her. On March 31, 1996, Susan informed Hargan that she no longer loved him and that she was leaving him. Hargan and Susan were divorced on May 10, 1996.

Hargan initially filed suit against Southwestern Electric and Libbra on May 8, 1998. Defendants filed various motions to dismiss the complaint. The complaint was dismissed, as was the subsequently filed, first amended complaint. On both occasions, the trial court granted Hargan leave to file an amended complaint. The second amended complaint, filed on October 13, 1998, is the subject of this appeal.

In count I of the second amended complaint, Hargan alleges that Libbra acquired an improper and undue influence over Susan while serving in his capacity as agent of Southwestern Electric and while pursuing a business interest or endeavor on behalf of and for Southwestern Electric. In count II of his complaint, Hargan makes essentially the same allegations against Libbra personally. In both counts, Hargan alleges actual damages stemming from the loss of Susan's salary.

Southwestern Electric filed a motion to dismiss count I of this complaint pursuant to section 2—619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(9) (West 1996)). In this motion, Southwestern Electric argued that, assuming the allegations were true, it could not be held liable as a matter of law because alienation of affections is an intentional tort and Libbra was not acting on behalf of Southwestern Electric.

After oral argument, the trial court concluded that, as a matter of law, an employer could not be held responsible for the alienation-of-affections actions of one of its employees. The trial court entered judgment on behalf of Southwestern Electric and found that pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) there was no just reason to delay appeal of the judgment.

On the appeal of a dismissal based upon a section 2—619 motion, the standard of review is " 'whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law.' " *Vuagniaux v. Korte*, 273 Ill. App. 3d 305, 307, 652 N.E.2d 840, 841 (1995), quoting *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116-17, 619 N.E.2d 732, 736 (1993).

■ Alienation of affections is an intentional tort that is subject to close and strict judicial scrutiny. See *Coulter v. Renshaw*, 94 Ill. App. 3d 93, 95, 418 N.E.2d 489, 490 (1981). In order to sustain an alienation-of-affections cause of action, the plaintiff must plead and prove the following:

"(a) love and affection of the spouse for the plaintiff; (b) actual damages; and (c) overt acts, conduct[,] or enticement on the part of the defendant causing those affections to depart." *Coulter*, 94 Ill. App. 3d at 95, 418 N.E.2d at 490-91.

In this case, Hargan clearly alleges that Susan loved him and that he sustained actual damages in the form of her lost wages. Those two elements are not really at issue. Hargan also alleges that Southwestern Electric, through its agent Libbra, committed acts, conduct, or enticement resulting in the departure of Susan's affections for Hargan. This element is disputed. At issue is whether or not a corporate defendant can be held responsible for the overt acts, conduct, or enticement on the part of its employee.

■ ■ An employer can be held vicariously responsible for the acts of its employees under the doctrine of *respondeat superior*. See *Moy v. County of Cook*, 159 Ill. 2d 519, 524, 640 N.E.2d 926, 928 (1994). The employer will only be held responsible for the employee's acts if the acts were committed within the scope of the employee's employment. See *Pyne v. Witmer*, 129 Ill. 2d 351, 359, 543 N.E.2d 1304, 1308 (1989).

Whether or not the employee's act is intentional or merely negligent is not the defining factor. Instead, the focus is on whether or not the act was performed within the "scope of employment." Illinois utilizes the following three criteria from the Restatement (Second) of Agency in determining whether or not an employee's acts are within the scope of employment:

> (1) if the acts are of the type the employee is employed to perform;

> (2) if the acts at issue occur substantially within the authorized time and space limits; and

> (3) if the acts are done, at least in part, by an intent to serve the employer.

See *Pyne*, 129 Ill. 2d at 360, 543 N.E.2d at 1308, citing Restatement (Second) of Agency § 228 (1958). The plaintiff bears the burden of proving the relationship between the tortious act and the scope of employment. See *Pyne*, 129 Ill. 2d at 360, 543 N.E.2d at 1309.

To date there has never been an Illinois case discussing the issue of corporate liability in an alienation-of-affections suit. However, we consider factually similar cases in other legal contexts cited by Southwestern Electric.

*Stern v. Ritz Carlton Chicago* addressed the issue of corporate liability for employees' sexual assault of guests. *Stern v. Ritz Carlton Chicago*, 299 Ill. App. 3d 674, 675-76, 702 N.E.2d 194, 194-95 (1998). The employees at issue were massage therapists employed by the hotel. See *Stern*, 299 Ill. App. 3d at 675-76, 702 N.E.2d at 194-95. The court concluded that while a massage involves physical touching, that sexual assault could not be construed as being encompassed within a massage therapist's duties. *Stern*, 299 Ill. App. 3d at 681, 702 N.E.2d at 198. Consequently, the court concluded that the sexual assault could not be construed as furthering the business interests of the hotel. *Stern*, 299 Ill. App. 3d at 681, 702 N.E.2d at 198. The court therefore held, as a matter of law, that the hotel could not be held responsible for these actions by its employee therapists as the acts were not within the scope of their employment. *Stern*, 299 Ill. App. 3d at 681, 702 N.E.2d at 198.

*Deloney v. Board of Education* involved an attempt to hold a school district liable for the attorney fees incurred by an employee truant officer who was sued in a civil rights action for sexual misconduct. *Deloney v. Board of Education*, 281 Ill. App. 3d 775, 777-78, 666 N.E.2d 792, 793-94 (1996). Statutorily, the school district's duty to defend its employees is triggered when the complaint alleges actions within the scope of the employee's employment. See *Deloney*, 281 Ill. App. 3d at 779-80, 666 N.E.2d at 794. The court found that the acts had no rela-

tionship to the employee's job as a truant officer and were committed solely for his personal benefit. *Deloney*, 281 Ill. App. 3d at 786, 666 N.E.2d at 799. While the truant officer's employment provided the opportunity for the misconduct, the court found that his actions could not in any way be found to be an extension of his responsibilities as a truant officer. *Deloney*, 281 Ill. App. 3d at 788, 666 N.E.2d at 800. Finally, the court held that the acts of sexual misconduct were outside the scope of the truant officer's employment as a matter of law. See *Deloney*, 281 Ill. App. 3d at 786, 666 N.E.2d at 799.

■ In this case, Hargan alleges that Libbra's acts which led to the alienation of affections between Hargan and Susan were committed within the scope of Libbra's employment with Southwestern Electric. He provides specific allegations of business meetings that Libbra and Susan attended. Hargan's allegations of acts within the scope of employment are mere allegations with no explanation of a connection to the furtherance of Southwestern Electric's business. While meetings and business trips were likely engaged in on behalf of Southwestern Electric, the resulting acts of alienation of affections were not. Any acts in which Libbra engaged with the intent to woo Hargan's wife away from him simply have no connection to the business of Southwestern Electric. Obviously, any such actions were not designed to benefit Southwestern Electric and were for Libbra's personal benefit only. Accordingly, we conclude that this case is similar to those cited by defendant. Therefore, Southwestern Electric is not liable as a matter of law for the acts of Libbra relative to the alienation-of-affections claim.

■ Hargan also argues that Southwestern Electric is responsible for Libbra's acts under the corporate-complicity rule. We do not utilize the corporate-complicity rule because it is simply not appropriate in an alienation-of-affections case. Corporate complicity is derived from the Restatement (Second) of Agency, *Mattyasovszky v. West Towns Bus Co.*, 61 Ill. 2d 31, 330 N.E.2d 509 (1975), and *Tolle v. Interstate Systems Truck Lines, Inc.*, 42 Ill. App. 3d 771, 356 N.E.2d 625 (1976). The corporate-complicity rule allows for the imposition of punitive damages against a corporation if a superior officer of the corporation ordered, participated in, or ratified outrageous conduct on the part of an employee. See *Kemner v. Monsanto Co.*, 217 Ill. App. 3d 188, 205, 576 N.E.2d 1146, 1157 (1991). As punitive damages are statutorily disallowed in an alienation-of-affections suit (see 740 ILCS 5/3 (West 1996)), there is no need to analyze an alienation-of-affections suit within the context of the corporate-complicity rule.

For the foregoing reasons, the judgment of the circuit court of Madison County is hereby affirmed.

Affirmed.

WELCH and RARICK, JJ., concur.