# Illinois Official Reports

## Appellate Court

---

### *Powell v. City of Chicago*, 2021 IL App (1st) 192145

---

| | |
|---|---|
| Appellate Court Caption | ANTHONY POWELL, Plaintiff-Appellant, v. THE CITY OF CHICAGO and CARLYLE CALHOUN, Defendants (The City of Chicago, Defendant-Appellee). |
| District & No. | First District, Fourth Division<br>No. 1-19-2145 |
| Filed | June 24, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 19-L-1100; the Hon. Kathy Flanagan, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Lawrence Jackowiak, of Jackowiak Law Offices, of Chicago, for appellant.<br><br>Mark A. Flessner, Corporation Counsel, of Chicago (Benna Ruth Solomon, Myriam Zreczny Kasper, and Suzanne M. Loose, Assistant Corporation Counsel, of counsel), for appellee. |
| Panel | JUSTICE REYES delivered the judgment of the court, with opinion.<br>Presiding Justice Gordon and Justice Lampkin concurred in the judgment and opinion. |

**OPINION**

¶ 1    Plaintiff, Anthony Powell (Powell), appeals the circuit court of Cook County's dismissal of his claims against defendant City of Chicago (City) pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2018)). In his complaint, Powell alleged that defendant Carlyle Calhoun (Calhoun), an officer for the Chicago Police Department, sexually assaulted Powell while he was in Calhoun's custody and therefore both Calhoun and the City are liable. On appeal, Powell argues that the City can be held liable for a police officer's sexual assault under *respondeat superior* and the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/9-102 (West 2018)). For the following reasons, we affirm.

¶ 2                                                        BACKGROUND

¶ 3    Powell filed a civil complaint against Calhoun and the City, alleging that Calhoun was employed as an officer for the Chicago Police Department and was acting within the scope of his employment with the City on February 3, 2018. The complaint further alleged that on the day in question, Powell was in Calhoun's custody at St. Bernard Hospital when Calhoun sexually assaulted him.

¶ 4    The complaint included three claims. Count I alleged that Calhoun committed battery. Count II alleged that Calhoun's acts were within the scope of his employment and that the City was liable for his acts under the doctrine of *respondeat superior*. Count III similarly alleged that Calhoun's acts were within the scope of his employment and that the City was required to indemnify Calhoun for any judgments arising from his acts pursuant to the Tort Immunity Act (*id.*).

¶ 5    The City filed a motion to dismiss the complaint pursuant to section 2-619(a)(9) of the Code. Citing Illinois case law, the City argued that it was not liable since, as a matter of law, sexual assault is outside of a police officer's scope of employment, which excludes conduct solely for an employee's benefit. The City also argued that it did not hire Calhoun to perform the alleged acts of sexual assault and that these acts were inconsistent with a police officer's responsibilities.

¶ 6    In response, Powell acknowledged that Illinois courts have found that sexual assault is outside of the scope of employment but argued that cases involving police officers should be analyzed differently since they carry more authority. As support, Powell cited several federal cases finding that sexual assaults committed by police officers could be within the scope of their employment. In addition, Powell argued that a police officer's scope of employment could be interpreted more broadly but acknowledged that the Illinois Supreme Court has never decided the issue. Powell further contended that the issue of whether such conduct is within the scope of employment is a question of fact for the jury to decide.

¶ 7    In its reply, the City argued that Powell failed to cite any Illinois cases applying a heightened standard in incidents involving police officers. The City also disputed Powell's contention that a sexual assault can be within the scope of employment and is a question for the jury to determine. The City concluded that it cannot be liable, since Calhoun was acting only for his own benefit, and cited an Illinois case providing that a sexual assault by an employee cannot be imputed to the employer as a matter of law.

¶ 8    The circuit court determined that the alleged sexual assault could not have occurred within Calhoun's scope of employment as a matter of law and granted the City's motion as to counts II and III, dismissing them with prejudice. In rendering this determination, the circuit court observed that neither the Illinois Supreme Court nor the Illinois Appellate Court has decided the issue, but it agreed with the City that, under Illinois law, sexual assault generally is not considered within the scope of employment.

¶ 9    Thereafter, the circuit court entered a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) that the order dismissing counts II and III was final and appealable and that there was no just reason to delay enforcement or appeal. This appeal followed.

¶ 10                                    ANALYSIS

¶ 11   On appeal, Powell asserts that the circuit court erred by dismissing his claims against the City pursuant to section 2-619(a)(9) (735 ILCS 5/2-619(a)(9) (West 2018)), arguing that the City can be held liable for a police officer's sexual assault under *respondeat superior* and the Tort Immunity Act (745 ILCS 10/9-102 (West 2018)). Specifically, Powell argues that a sexual assault can be within a police officer's scope of employment and that the issue of whether such conduct falls within a police officer's scope of employment is a question of fact for the jury to determine.

¶ 12   A section 2-619(a)(9) motion is properly presented to determine questions regarding an employee's scope of employment. See *Masters v. Murphy*, 2020 IL App (1st) 190908, ¶ 13; *Houston v. Quincy Post 5129*, 188 Ill. App. 3d 732, 735-36 (1989). Section 2-619(a)(9) allows for the dismissal of an action on the ground that "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2018). An affirmative matter may be apparent on the face of the complaint or established by external submissions that defeat the claim. *Perez v. Chicago Park District*, 2016 IL App (1st) 153101, ¶ 10. A motion to dismiss under section 2-619 "admits well-pleaded facts but does not admit conclusions of law and conclusory factual allegations unsupported by allegations of specific facts." *Better Government Ass'n v. Illinois High School Ass'n*, 2017 IL 121124, ¶ 21. When considering a dismissal under section 2-619(a)(9), we must determine whether the existence of a genuine issue of material fact should have precluded the dismissal or whether dismissal is proper as a matter of law. *Id.* We review a section 2-619 dismissal *de novo*, which means that we perform the same analysis that a trial judge would perform. *Elam v. O'Connor & Nakos, Ltd.*, 2019 IL App (1st) 181123, ¶ 23.

¶ 13   Powell first argues that the alleged sexual assault committed by Calhoun can be within his scope of employment. In response, the City asserts that we may reject this argument outright as he fails to cite any Illinois authority in support. See *Neuhengen v. Global Experience Specialists, Inc.*, 2018 IL App (1st) 160322, ¶ 155; Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 14   We first address the City's forfeiture argument. As the circuit court noted, neither the Illinois Supreme Court nor the Illinois Appellate Court has determined whether a sexual assault committed by a police officer is outside of his scope of employment as a matter of law. Thus, this is an issue of first impression for this court. Moreover, *Neuhengen* does not support the proposition that Powell must cite Illinois law; under *Neuhengen*, a party forfeited its argument on appeal by failing to cite *any* authority. *Neuhengen*, 2018 IL App (1st) 160322, ¶ 155. As is further discussed below, although Powell cites only federal decisions and out-of-state cases to support his contention, he has not forfeited his argument. See Ill. S. Ct. R. 341(h)(7) (eff. Oct.

1, 2020); *Wasleff v. Dever*, 194 Ill. App. 3d 147, 156 (1990). We therefore now proceed to Powell's argument regarding *respondeat superior*.

¶ 15    *Respondeat superior* allows an injured party to hold a principal vicariously liable for the conduct of its agent. *McNerney v. Allamuradov*, 2017 IL App (1st) 153515, ¶ 67. For an employer to be vicariously liable under *respondeat superior*, the employee's tort must have been committed within the scope of employment. *Pyne v. Witmer*, 129 Ill. 2d 351, 359 (1989). Similarly, pursuant to the Tort Immunity Act, a local public entity is directed to pay compensatory damages for any tort judgment or settlement for which "an employee while acting within the scope of his employment is liable." 745 ILCS 10/9-102 (West 2018). Thus, both of Powell's claims against the City turn on the same issue: whether the alleged sexual assault committed by Calhoun is outside of his scope of employment as a matter of law.

¶ 16    In *Bagent v. Blessing Care Corp.*, 224 Ill. 2d 154 (2007), our supreme court adopted section 228 of the Restatement (Second) of Agency, which states that, to be within the scope of employment, an employee's conduct must satisfy three criteria: " ' "(a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the [employer]." ' " *Id.* at 164 (quoting *Pyne*, 129 Ill. 2d at 360, quoting Restatement (Second) of Agency § 228 (1958)). An employee's conduct must satisfy all three criteria or it is not within the scope of employment. *Doe v. Lawrence Hall Youth Services*, 2012 IL App (1st) 103758, ¶ 27. Courts must consider all the surrounding circumstances when considering whether an employee's conduct satisfies the criteria. *Bagent*, 224 Ill. 2d at 165.

¶ 17    We must first determine whether Calhoun's alleged sexual assault is the kind of conduct he is employed to perform. When applying this criterion, we may consider the following factors: whether the act is one commonly done by such employees; the time, place, and purpose of the act; whether the employer has reason to expect that such an act will be done; the similarity in quality of the act performed to the act authorized; and whether the employer furnished to the employee the instrumentality by which the harm is done. *Id.* at 166-67 (citing Restatement (Second) of Agency § 229(2) (1958)).

¶ 18    This court has consistently found that sexual assault is not the kind of conduct that an employee is employed to perform. In *Stern v. Ritz Carlton Chicago*, 299 Ill. App. 3d 674, 675-76 (1998), two hotel guests alleged that two masseurs employed by the hotel sexually assaulted them during massages and that the hotel was liable under *respondeat superior*. On appeal, however, this court rejected the plaintiffs' claim, concluding that the alleged sexual assaults were outside the masseurs' scope of employment because "it cannot reasonably be said that sexual assault by masseurs at the [hotel] was encompassed in their duties, was similar to those duties, or was reasonably foreseeable by the [hotel]." *Id.* at 679.

¶ 19    Further, in *Deloney v. Board of Education of Thornton Township*, 281 Ill. App. 3d 775, 786 (1996), we determined that the alleged sexual assault by a school truant officer was outside his scope of employment since the assault had no relation to his job and was committed solely for his personal benefit. Finally, in *Webb v. Jewel Cos.*, 137 Ill. App. 3d 1004, 1008 (1985), we found that the alleged sexual assault by a supermarket employee was outside his scope of employment since the assault was "a deviation having no relation to the business of Jewel."

¶ 20    Here, we find that the alleged sexual assault committed by Calhoun is not the kind of conduct he is employed to perform. In Illinois, police officers "shall be conservators of the peace." 65 ILCS 5/11-1-2(a) (West 2018). They may arrest persons who are found violating a

municipal ordinance or criminal law and detain them in custody. *Id.* Also, according to section C of article IV of the Rules and Regulations of the Chicago Police Department, all sworn officers must "[o]bey all laws and promptly execute all lawful orders," "[r]eceive, record, and service immediately all complaints and requests for service" and "[p]rovide security and care for all persons and property coming into their custody." *Rules and Regulations of the Chicago Police Department*, Chi. Police Dep't, art. IV, § C(2), (4), (5) (eff. Apr. 16, 2015), http://directives.chicagopolice.org/directives/data/a7a57bf0-12d7c186-a4912-d7c1-8b12822 c2ca106c4.html [https://perma.cc/A6NK-B7NU].

¶ 21   Sexual assault committed by police officers has no relation to their duties and responsibilities, such as those listed above. See *Webb*, 137 Ill. App. 3d at 1008. Therefore, it cannot be reasonably said that sexual assault was encompassed in Calhoun's duties, was similar to those duties, or was reasonably foreseeable by the City. See *Stern*, 299 Ill. App. 3d at 679. Moreover, Calhoun was not employed to sexually assault someone in custody while he was on duty at a hospital. See *Bagent*, 224 Ill. 2d at 167 (finding a phlebotomist's unpermitted disclosure of a patient's pregnancy was outside the scope of employment since she "was not employed to divulge confidential patient information while off duty and after hours in a tavern"). Thus, we find that the alleged sexual assault is not the kind of conduct that Calhoun was employed to perform. The alleged assault cannot be deemed an extension of Calhoun's functions or responsibilities as a police officer. See *Deloney*, 281 Ill. App. 3d at 787; see also *Hargan v. Southwestern Electric Cooperative, Inc.*, 311 Ill. App. 3d 1029, 1033 (2000) (finding that an employee's alleged acts to woo the plaintiff's wife away from him "simply have no connection" to the defendant employer's business).

¶ 22   The second criterion asks whether the alleged conduct occurred "substantially within the authorized time and space limits." *Bagent*, 224 Ill. 2d at 164. We need not determine whether this criterion is satisfied, however, since it is clear that the first and third criteria are not satisfied. See *id.* at 169 ("After considering all of the circumstances, it is clear that the first and third criteria of section 228 of the Second Restatement of Agency are absent from this case. Accordingly, we need not discuss the second criterion ***.").

¶ 23   Applying the third criterion, we must consider whether Calhoun's alleged assault was actuated, at least in part, by a purpose to serve the employer. *Id.* at 164. In sexual assault cases, we have similarly inquired whether the assault furthered the employer's business. See *Stern*, 299 Ill. App. 3d at 677-78. Again, we have consistently found that sexual assault did not further an employer's business. In *Doe v. Lawrence Hall Youth Services*, 2012 IL App (1st) 103758, ¶ 7, the plaintiff alleged that his private school was liable for the alleged sexual assault by one of its teachers. On appeal, this court found that "sexual assault *by its very nature* precludes a conclusion that it occurred within the employee's scope of employment under the doctrine of *respondeat superior*. [Citation.] That is, [the teacher's] alleged sexual assault of plaintiff cannot be said to have furthered defendant's business." (Emphasis in original.) *Id.* ¶ 30.

¶ 24   Also, in *Randi F. v. High Ridge YMCA*, 170 Ill. App. 3d 962 (1988), the plaintiff alleged that a daycare center was liable for the sexual assault committed by a teacher's aide, but we found that the assault was outside the scope of employment since it did not further the daycare center's business. *Id.* at 963, 968. In addition, we found that the alleged sexual assaults in *Webb* and *Stern* did not further either of the defendant employers' businesses. *Webb*, 137 Ill. App. 3d at 1008; *Stern*, 299 Ill. App. 3d at 681 ("The sexual assault of plaintiffs during the course of each massage could in no way be interpreted as an act in furtherance of the business interests

of the [hotel].”). Thus, we find that the alleged assault could in no way be interpreted to further the City's business. See *Doe v. Lawrence Hall Youth Services*, 2012 IL App (1st) 103758, ¶ 30; *Webb*, 137 Ill. App. 3d at 1008; *Stern*, 299 Ill. App. 3d at 681.

¶ 25 As demonstrated above, and as this court asserted in *Deloney*, Illinois cases are "clear that as a matter of law acts of sexual assault are not within the scope of employment." *Deloney*, 281 Ill. App. 3d at 786 n.5. Furthermore, sexual assault "precludes a conclusion that it was committed within the scope of employment," and "generally, acts of sexual assault are outside the scope of employment." *Id.* at 783.

¶ 26 Despite our strong precedent against finding that sexual assault can be within the scope of employment, Powell contends that sexual assault by a police officer can be within his scope of employment, citing federal and out-of-state cases finding that sexual assault committed by a police officer could be within the scope of employment. See *Jansen v. Packaging Corp. of America*, 123 F.3d 490 (7th Cir. 1997); *West v. Waymire*, 114 F.3d 646 (7th Cir. 1997); *Red Elk v. United States*, 62 F.3d 1102 (8th Cir. 1995); *Doe v. St. Clair City*, No. 18-CV-380-SMY-SCW, 2018 WL 3819102 (S.D. Ill. Aug. 10, 2018); *Doe v. Clavijo*, 72 F. Supp. 3d 910 (N.D. Ill. 2014); *Doe v. Roe*, No. 12 C 9213, 2013 WL 2421771 (N.D. Ill. June 3, 2013); *Wilson v. City of Chicago*, 900 F. Supp. 1015 (N.D. Ill. 1995); *Cox v. Evansville Police Department*, 107 N.E.3d 453 (Ind. 2018); *Mary M. v. City of Los Angeles*, 814 P.2d 1341 (Cal. 1991) (*en banc*); *Applewhite v. Baton Rouge*, 380 So. 2d 119 (La. Ct. App. 1979).

¶ 27 While we may consider federal and out-of-state cases to guide our decision (see *Bank of America v. WS Management, Inc.*, 2015 IL App (1st) 132551, ¶ 121), we find the cases relied on by Powell are not persuasive. These cases fail to convince us to diverge from the strong precedent set forth by this court; specifically, they fail to explain how sexual assault is the kind of conduct that a police officer is employed to perform and how sexual assault furthers an employer's business. Further, these cases fail to persuade us that police officers should be treated differently.

¶ 28 The cases cited by Powell fail to explain how the sexual assault is the type of conduct that a police officer is employed to perform and how sexual assault furthers an employer's business, as they do not apply the criteria set forth in the Restatement (Second) of Agency as we have done above. As stated earlier, our supreme court expressly adopted the Restatement's criteria used to determine the scope of employment. *Bagent*, 224 Ill. 2d at 164-65. Our supreme court also observed that the term " 'scope of the employment' " is a " 'bare formula' " whose " 'very vagueness has been of value in permitting a desirable degree of flexibility in decisions.' " *Id.* at 164 (quoting Prosser and Keeton on the Law of Torts § 70, at 502 (W. Page Keeton *et al.* eds., 5th ed. 1984)). As a result of the term's vagueness, and as observed in *Cox*, 107 N.E.3d at 459, an out-of-state case that Powell quotes at length, courts have developed various tests and methods to determine a police officer's scope of employment in sexual assault cases.

¶ 29 The Supreme Court of Indiana, for example, in *Cox*, declined to apply the criteria set forth in the Restatement. *Id.* Instead, the court asked whether the sexual assault "was so disconnected from his employment activities that a jury could not find that the assault arose naturally or predictably from the employment context" and found the assault was not so disconnected. *Id.* at 463. In another case Powell quotes from at length, *Mary M. v. City of Los Angeles*, the Supreme Court of California also did not apply the Restatement's criteria but asked whether "an employee's conduct is not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business." *Mary M.*, 814 P.2d at

1347. In the final out-of-state case that Powell quotes, *Applewhite v. Baton Rouge*, the court did not apply any test but concluded that sexual assault by the police officer could be within his scope of employment, since, when the officer assaulted the plaintiff, he was on duty, uniformed, armed, and driving a police vehicle. *Applewhite*, 380 So. 2d at 121.

¶ 30     Several federal cases cited by Powell analyzed the issue similarly to *Applewhite*. None of them found that the police officer's sexual assault was the kind of conduct he was employed to perform and that the assault furthered the employer's business; they each concluded that sexual assault could be within the police officer's scope of employment since, when the officer assaulted the plaintiff, he was on duty, uniformed, armed, and driving a police vehicle. See *Doe v. St. Clair City*, 2018 WL 3819102, at *3-4; *Doe v. Clavijo*, 72 F. Supp. 3d at 914-15; *Doe v. Roe*, 2013 WL 2421771, at *3-4. Further, in another federal case cited by Powell, *Red Elk v. United States*, the court found that the employer could be liable for the sexual assault by a police officer since the assault was foreseeable. *Red Elk*, 62 F.3d at 1105-07.

¶ 31     Again, under Illinois law, we must ask whether an alleged sexual assault committed by a police officer is the type of conduct he is employed to perform (see *Stern*, 299 Ill. App. 3d at 679) and whether an alleged sexual assault furthers the employer's business (see *Doe v. Lawrence Hall Youth Services*, 2012 IL App (1st) 103758, ¶ 30). We have found that the alleged sexual assault committed by Calhoun is not the type of conduct he is employed to perform and does not further the City's business. Powell fails to cite or attempt to apply the Restatement's criteria, and his cited authority fails persuade us that the first and third criteria of the Restatement are satisfied. See *Stern*, 299 Ill. App. 3d at 679; *Doe v. Lawrence Hall Youth Services*, 2012 IL App (1st) 103758, ¶ 30.

¶ 32     In addition, Powell fails to persuade us that police officers should be treated differently in sexual assault cases. First, Powell argues that in *Deloney*, we "approvingly" cited to *Mary M. v. City of Los Angeles* for the proposition that sexual assault cases involving a police officer should warrant a different analysis. But he is incorrect; in *Deloney*, we merely observed that in a case involving a police officer, the Supreme Court of California found differently than we did. See *Deloney*, 281 Ill. App. 3d at 786 n.5.

¶ 33     Powell also cites *Wilson*, 900 F. Supp. at 1029-31, for the proposition that violent crimes are outside the scope of employment, except when they are committed by police officers, since courts treat them differently. In *Wilson*, the plaintiff moved for summary judgment on his claim that three police officers tortured him during a custodial investigation and the City was liable under the Tort Immunity Act. *Id.* at 1029. The district court granted the motion, finding that the alleged torture fell within the officers' scope of employment because "(1) they acted while on duty, in uniform, and in the course of an official police investigation; (2) their actions significantly served the objective of their employer—to arrest and gather evidence to prosecute plaintiff; and (3) the methods of interrogation, although grossly inappropriate, were incidental to their employment." *Id.* at 1031. Nowhere does *Wilson* find that police officers warrant a different analysis for violent crimes, and even if *Wilson* did support that proposition, it fails to explain why a different analysis is warranted in sexual assault cases. See *id.*

¶ 34     Powell's cited cases rely on the fact that the police officer was able to assault the victim only because of his broad authority and power. See *Jansen*, 123 F.3d at 507 (Posner, C.J., concurring in part and dissenting in part, joined by Manion, J.); *West*, 114 F.3d at 649. We recognize that police officers carry broad authority and power, but these cases also fail to persuade us, as it is not enough that a police officer's public employment and position provides

him the opportunity to commit sexual assault. See *Deloney*, 281 Ill. App. 3d at 788; see also *Gambling v. Cornish*, 426 F. Supp. 1153, 1155 (N.D. Ill. 1977) (finding the fact that defendants were able to sexually assault the plaintiff only because they were police officers was not enough to establish that they acted within their scope of employment). The bottom line is that a police officer's authority and power do not change the nature of sexual assault, which is committed solely for one's personal benefit. See *Deloney*, 281 Ill. App. 3d at 786.

¶ 35        Additionally, Powell cites to federal cases that, contrary to his assertions, are not relevant since they did not even find that the sexual assault of a police officer could be within his scope of employment. For example, Powell cites *Doe v. City of Chicago*, 360 F.3d 667, 668-70 (7th Cir. 2004), in which the plaintiff alleged that the City was required to indemnify a police officer for his alleged sexual assault and the Seventh Circuit vacated the grant of the City's summary judgment motion. Specifically, Powell relies on the Seventh Circuit's analysis, in which the court, in *dicta*, observed that broadly interpreting a police officer's scope of employment to include sexual assault "has a footing in other jurisdictions and may well be the wave of the future" and that a police officer is "an authority figure trained to develop and project an intimidating aura." *Id.* at 671.

¶ 36        But in *Doe v. City of Chicago*, the Seventh Circuit rejected the City's argument against indemnification since the defendant's liability had not been established yet and the court had "warned repeatedly against trying to resolve indemnity before liability." *Id.* at 672. Further, the Seventh Circuit deferred to our supreme court to decide whether the sexual assault of a police officer could be within his scope of employment. It stated that "[w]e intimate no view on what that decision should be." *Id.* at 674. Other federal cases cited by Powell similarly did not decide the issue and followed *Doe v. City of Chicago* by refusing to decide whether the defendant employer was obligated to indemnify before the defendant employee's liability was resolved. See *Doe v. Lee*, 943 F. Supp. 2d 870, 880 (N.D. Ill. 2013); *Arias v. Allegretti*, No. 05 C 5940, 2008 WL 191185, at *6 (N.D. Ill. Jan. 22, 2008).

¶ 37        The alleged sexual assault committed by Calhoun is not the type of conduct he was employed to perform and does not further the City's business. Powell fails to persuade us otherwise. Powell also fails to persuade us that police officers should be treated differently. Thus, we find that no reasonable person could conclude that Calhoun was acting within his scope of employment. See *Doe v. Lawrence Hall Youth Services*, 2012 IL App (1st) 103758, ¶ 27; *Deloney*, 281 Ill. App. 3d at 784 ("[G]enerally, acts of sexual assault are outside the scope of employment."). There is little, if any, reason to protect employees from claims that do not arise from conduct that benefits a public entity or furthers its business. See *Deloney*, 281 Ill. App. 3d at 787.

¶ 38        Powell argues that this issue raises a question of fact for the jury, citing *Lujano v. Town of Cicero*, 691 F. Supp. 2d 873, 889 (N.D. Ill. 2010), which asserted that Illinois courts have held whether acts fall within the scope of employment is a question of fact. But *Lujano* also acknowledges that Illinois courts may find that an employee acted outside the scope of employment as a matter of law when no reasonable person could conclude otherwise. *Id.* (citing *Davila v. Yellow Cab Co.*, 333 Ill. App. 3d 592, 601 (2002)). Therefore, since we have found that no reasonable person could conclude that Calhoun was acting within his scope of employment, we may find as a matter of law that Calhoun was not so acting. See *Bagent*, 224 Ill. 2d at 165.

¶ 39                                    CONCLUSION

¶ 40         For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 41         Affirmed.